UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| United States of America, | No. 2:15-cr-00224-KJM |
| Plaintiff, | ORDER |
| v. | |
| Dennis Machado, | |
| Defendant. | |

Defendant Dennis Machado moves for compassionate release under 18 U.S.C. § 3582(c)(1)(A). He has not shown that his health conditions and rehabilitation are "extraordinary and compelling reasons" to grant that motion, so the court **denies it without prejudice**.

**I.     BACKGROUND**

Between 2013 and 2015, Mr. Machado and others stole and counterfeited IDs and other documents as part of a bank and check fraud scheme. *See* Factual Basis, Plea Agmt. Ex. A, ECF No. 36. They cashed false checks and obtained credit using the false IDs and stolen mail, among other things. *See id.* When Machado was arrested, he was registered in a San Joaquin County hotel under a false name and had several grams of methamphetamine that he intended to distribute. *Id.* Despite previous felony convictions for burglary and drug and firearms crimes, he also had several dozen rounds of ammunition in his room. *Id.* In 2015, the government charged

1

him with bank fraud, identity theft, and drug and firearms offenses.  *See generally* Information, ECF No. 13.  He waived prosecution by an indictment and entered a plea agreement, pleading guilty to these charges.  *See* Waiver, ECF No. 16; Plea Agreement, ECF No. 36.  Another judge of this court sentenced him to a prison term of 116 months, with 60 months' supervised release to follow.  *See* J. & Commitment, ECF No. 55.  The court also imposed a $500 special assessment and ordered him to pay more than $37,000 in restitution.  *Id.*

Mr. Machado now seeks compassionate release under § 3582(c)(1)(A) "based on the combination of" three circumstances:[1]

(1) He has completed drug treatment and conflict resolution courses and has no history of discipline in prison.  *See* Mot. at 2, 9, 16, ECF No. 63.

(2) He has an "increased risk for a more serious form" of COVID-19 due to his age (50), a previous diagnosis of Hepatitis C, and a body mass index in the range that, according to the Centers for Disease Control & Prevention, puts a person at higher risk of severe COVID-19.  *See id.* at 2, 10, 17–19.

(3) His sentence has been harsher as a result of the COVID-19 pandemic, and he has a viable release plan and support from family.  *Id.* at 2, 19–24.  He has completed about 80 months of the total 116 of his prison term.  *See* Opp'n at 3, ECF No. 67.  His projected release date is in January 2024.  *Id.*

The government opposes his motion based primarily on its analysis of his medical conditions.  *See* Opp'n at 6–8.  Mr. Machado has been fully vaccinated against COVID-19, and in December 2021, tests detected Hepatitis C antibodies, but not the virus itself.  *See id.* at 6.  The government also argues that an early release would be inappropriate given the severity and complexity of his crimes and his extensive criminal history.  *See id.* at 8–9.  Briefing is complete, and the court submitted the matter without oral arguments.  *See* Reply, ECF No. 69; Min. Order, ECF No. 66.

---

[1] The parties both request leave to file certain documents related to Mr. Machado's medical history and other personal information under seal.  *See* Nots., ECF Nos. 64, 68, 70.  Having reviewed these requests and the parties' briefs, the court has determined that no relevant facts are disputed.  The court therefore treats the parties' briefs as a stipulation to those facts for purposes of this motion only.  The requests to file under seal are thus denied as moot.

## II.  LEGAL STANDARD

The district court that imposed a custodial sentence can modify the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018.  The defendant must first exhaust administrative remedies.  *Id.* § 3582(c)(1)(A).  If a defendant has exhausted administrative remedies, as Mr. Machado has done, *see* Mot. at 11–12; Opp'n at 3, the analysis is twofold.  First, the court must find "extraordinary and compelling reasons warrant" the requested reduction.  18 U.S.C. § 3582(c)(1)(A)(i).  Second, the court must consider the same factors that were applicable at the original sentencing, enumerated in 18 U.S.C. § 3553(a), to the extent they remain applicable.  *See id.* § 3582(c)(1)(A).

Section 3582 further requires a reduction to be "consistent with applicable policy statements issued by the Sentencing Commission." *Id.* § 3582(c)(1)(A).  In 2006, the Sentencing Commission issued a policy statement addressing what qualifies as "extraordinary and compelling reasons" to release a defendant from BOP custody.  *See* U.S.S.G. § 1B1.13 (last amended November 1, 2018).  These policy statements "may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant, but they are not binding." *United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021) (per curiam).

"Although the Ninth Circuit has not expressly decided which party 'bears the burden in the context of a motion for compassionate release brought pursuant to § 3582(c) as amended by the [First Step Act], district courts to have done so,' including this court, 'agree that the burden remains with the defendant.'" *United States v. Mathews*, 557 F. Supp. 3d 1057, 1061 (E.D. Cal. 2021) (alterations in original) (quoting *United States v. Becerra*, No. 18-0080, 2021 WL 535432, at *3 (E.D. Cal. Feb. 12, 2021)).

## III.  ANALYSIS

Many federal district courts, including this court, have held that defendants can demonstrate "extraordinary and compelling reasons" for compassionate release under § 3582(c)(1)(A)(i) if they show (1) their health conditions put them at an increased risk of severe COVID-19 symptoms and (2) they are at risk of infection.  *Id.*  Risk of infection can be shown by demonstrating the facility where they reside is currently suffering from a COVID-19 outbreak or

is at risk of an outbreak, for example, because it is a congregate living facility in which inmates and staff cannot consistently maintain safe physical distances. *See, e.g.*, *United States v. Terraciano*, 492 F. Supp. 3d 1082, 1085–86 (E.D. Cal. 2020).

The court's calculus shifts, however, if a defendant is vaccinated against COVID-19. *United States v. Smith*, 538 F. Supp. 3d 990, 993–1000 (E.D. Cal. May 11, 2021). If a defendant is vaccinated, as Mr. Machado is, this court has employed a rebuttable presumption that the risk of severe harm from COVID-19 is not an "extraordinary and compelling" reason under § 3582(c)(1)(A)(i). *Id.* at 999. A defendant can rebut this presumption by offering evidence of an elevated personal risk of severe harm despite the protections of vaccination. *Id.*; *see also United States v. Peel*, No. 14-00192, 2021 WL 2875658, at *3 (E.D. Cal. July 8, 2021). Evidence of such an elevated personal risk might include judicially noticeable information published by public health authorities, expert opinions, and scientific studies. *See Smith*, 538 F. Supp. 3d at 996–97.

When defendants offer no evidence that vaccination will not protect them against severe harm from COVID-19 and do not show the facilities where they are currently incarcerated are experiencing a surge in infections caused by a SARS-CoV-2 variant, courts deny motions more often than not. *See, e.g.*, *United States v. Andrade*, No. 17-00180, 2022 WL 172933, at *2 (E.D. Cal. Jan. 19, 2022); *see also*, *e.g. United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021) ("[F]or the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release."); *United States v. Decano*, No. 21-10099, 2021 WL 4922348 (9th Cir. Oct. 21, 2021) (unpublished) (affirming denial of compassionate release to fully vaccinated defendant).

Although Mr. Machado's health conditions and age would likely put him at risk of severe COVID-19 if he were not vaccinated, he has not cited evidence showing he remains at risk despite his vaccination. The one news report he cites describes how vaccine protections against the omicron subvariants BA.1 and BA.2 are effective, but wane over time. *See* Mem. at 18 (citing Saima May Sidik, "Vaccines Protect Against Infection from Omicron Subvariant—But Not For Long," Nature (Mar. 18, 2022)).[2] He has not shown this variant or any other has taken

---

[2] https://www.nature.com/articles/d41586-022-00775-3 (visited Apr. 22, 2022).

4

hold in the facility where he is housed, or otherwise provided specific facts in support of his argument.  He has not carried his burden to show his health conditions and risk of infection are extraordinary and compelling circumstances.  To be clear, the court does not hold that waning vaccine efficacy falls short of an "extraordinary and compelling" reason, but rather only that Mr. Machado has not offered reliable evidence to show he faces an elevated personal risk.  *Cf., e.g., Mathews*, 557 F. Supp. 3d at 1062–67 (finding extraordinary and compelling reasons based on reliable evidence of increased personal risk despite vaccination).

Regarding Mr. Machado's rehabilitation: that rehabilitation is commendable, but it cannot alone support his motion.  *See, e.g., United States v. Brooker*, 976 F.3d 228, 237–38 (2d Cir. 2020); *United States v. Narez*, No. 05-00231, 2021 WL 5566787, at *1 (E.D. Cal. Nov. 29, 2021).

Extraordinary and compelling reasons do not justify relief under § 3582(c)(1)(A).  The court does not reach the sentencing factors in § 3553(a).

### IV. CONCLUSION

The motion (ECF No. 63) is **denied without prejudice to renewal** with evidence of an elevated personal risk of severe harm despite the protections of vaccination.  The requests to file under seal (ECF Nos. 64, 68, 70) are **denied as moot**.

IT IS SO ORDERED.

DATED:  May 25, 2022.

_____
CHIEF UNITED STATES DISTRICT JUDGE